# SUPREME COURT.

EUGENE KELLY and JOSEPH DONAHUE, respondents, agt. EMANUEL BERNHEIMER and another, appellants.

*Election of defenses — warranty — fraud — rejection of evidence.*

The court has no power to require defendants to *elect* upon which of their defenses they will rely, where more than one is set forth in the answer, and evidence is given tending to prove their truth, unless they are so far inconsistent that both cannot properly co-exist in the same transaction. That is not the case as to the defenses of *warranty* and *fraud* in the sale of property.

The rejection of evidence offered by defendants to prove the statements made by the plaintiffs' agent, who had charge of the sale of the property, as to its value, etc., made to the defendants' agent just before the contract was made for its purchase, was *error*. It was the only mode in which the fraud, if it existed, could be proved.

It was also error to exclude evidence of one of the defendants by whose act the purchase was made, to show that the conversation between these agents of the plaintiffs and defendants, respecting the property, was communicated to him, and that he acted on it in making the purchase.

*First Department, General Term, January,* 1874.

NOAH DAVIS, *P. J.,* DONOHUE *and* DANIELS, *JJ.*

APPEAL from judgment and from order denying motion for new trial.

*D. M. Porter,* for appellants.

On the question of what constituted warranty, cited *Mills* agt. *Selwood* (61 *Barb.,* 238); *Messenger* agt. *Pratt* (3 *Lansing,* 234).

A positive affirmance of a fact is a warranty, *Sweet* agt. *Bradley* (24 *Barb.,* 549); *Roberts* agt. *Morgan* (2 *Cow.,* 438);

*Chapman* agt. *March* (19 *John.*, 290); *Duffee* agt. *Mason* (8 *Cow.*, 25); *Carley* agt. *Wilkins*, (6 *Barb.*, 557); *Edick* agt. *Crim* (10 *Barb.*, 445); *Mason* agt. *Lord* (40 *N. Y.* 476).

As to the election of actions required by the court, *Quintard* agt. *Newton* (5 *Robt.*, 72); *Harsen* agt. *Bayard* (5 *Duer*, 656); *Osborn* agt. *Bixby* (9 *How.*, 57); *Hallenbeck* agt. *Clow* (*id.*, 290); *Smith* agt. *Wells* (20 *id.*, 167); *Springer* agt. *Dwyer* (50 *N. Y.*, 19).

Exclusion of proper evidence, *Holman* agt. *Dord* (12 *Barb.*, 336).

*Aug. F. Smith*, for respondents.

Defense of a recision of the contract not available, election of actions did defendants no harm, *Hogan* agt. *Wezer* (5 *Denio*, 389); *Cobb* agt. *Hatfield* (46 *N. Y.*, 533); *Pomeroy* agt. *Shaw* (2 *Daly*, 267); 2 *Kent*, 480 (*margin*); *Story on Sales* (§§ 452. 426, 427, 456).

Question of warranty, *Duffee* agt. *Mason* (8 *Cow.*, 25); *Whitney* agt. *Sutton* (10 *Wend.*, 412); *Prentice* agt. *Dike* (6 *Duer*, 220, 224); *Reed* agt. *Randall* (29 *N. Y.*, 358); *Howard* agt. *Hoey* (23 *Wend.*, 350); *Fisher* agt. *Samuda* (1 *Camp.*, 190, *note a, p.* 194); *Hargous* agt. *Stone* (1 *Seld.*, 73, 86, 87).

DANIELS, *J.*—This action was brought to recover the price of barley sold and delivered by the plaintiffs to the defendants. The defenses relied upon at the trial were, that the barley by the terms of the sale was warranted to be of a quality that it proved much inferior to, and that the defendants were induced to purchase it by means of fraudulent representations made by a person having charge of its sale for the plaintiffs. After the defendants had rested their defense, the court, upon the application of the plaintiffs, compelled them to elect upon which of their two defenses they would proceed; and after excepting to the decision requiring this election, they elected to proceed upon the warranty. This

Kelly agt. Bernheimer.

required an abandonment of the other defense and of the evidence given which it might be claimed tended to support it.

The court has no power to require defendants to elect upon which of their defenses they will rely where more than one is set forth in the answer, and evidence is given tending to prove their truth, unless they are so far inconsistent that both cannot properly coexist in the same transaction. That it is very manifestly not the case as to the defenses of warranty and fraud in the sale of property. For the vendor may fraudulently misrepresent the nature, quality and condition of the property sold, and at the same time contract for or warrant the existence of the attributes indicated by the representations made. Both may be true, and one does not in any manner merge the existence of the other. In the present case, what transpired before the final contract of sale was made, tended to establish the truth of the defense, depending on the fraud, while if the warranty was made at all it was when the terms of the sale were finally arranged. Both could very well be true, and the claim to maintain them involved neither impropriety nor inconsistency. The court, therefore, erred in requiring the defendants to elect between the two. But it is claimed that the defendants were in no way injured by the decision, because this part of the defendants' answer, setting up fraud, relied upon it simply for a recision of the sale. This, however, is too narrow a view of the allegations contained in it; for in addition to the averment that the defendants, upon the discovery of the fraud, tendered the barley to the owners and repudiated the transaction, it is further alleged that the barley at the time of the sale was not worth over one dollar per bushel. As the purchase price was two dollars per bushel, this was sufficient to show that they had sustained damages by the means of the fraud to the extent of the difference between the price and its real value. This was sufficient to warrant the defendants in claiming an allowance, by way of counter-claim, of the difference on such portion of it as the evidence might sustain

Kelly agt. Bernheimer.

the propriety of allowing, particularly as issue was taken upon it by the plaintiff's reply. The answer was evidently predicated on the intention of claiming the difference shown by it between the value and what should appear to be the price of the barley in case a recision of the sale could not be secured; and the reply took issue with it in that view; for it denied every allegation of the answer constituting *or intended* to constitute a counter-claim. Besides, no objection of this character was taken, at the trial, to the answer itself, or to the admissibility of any evidence tending in any respect to prove that a fraud had been committed in the sale of the barley. It is quite clear that the ruling requiring the election of the defenses cannot be justified by any deficiencies in the answer. Then the election was not required, for the reason it assumed that both were properly alleged by requiring an election between them, without any objection being made as to the sufficiency of the allegations setting forth the defenses.

The evidence tended very decidedly to show that the barley was old and of an inferior quality, unsuited for malting, which was the purpose for which the defendants purchased it, and worth much less than what would have otherwise been its value. For the purpose of sustaining the defense resting upon the allegations of fraud, what Tilden, the plaintiff's agent in selling it, said concerning its quality, just before the contract was made for its purchase, was admissible in evidence. That was really the only mode in which the fraud could be proved, if in fact it had any existence. For that purpose, his statements to Cornell, who acted for and represented the defendants when the barley was being changed from the vessel to the lighter, ought to have been received, as they offered to show that he communicated what was said to the defendant who made the contract for the purchase of the barley, and that he acted upon it in making that purchase. The statement was at first received, and it tended to show that the agent said that the barley was good and

new, and that he knew all about it. But the court held that what was said when the barley was being unloaded, and which in fact was just before the purchase, had nothing to do with the case. This was clearly error, and that error is presented for consideration by the exception which was taken to the decision. The statement made contained a misrepresentation which the evidence tended to show was untrue. And if the agent knew all about the barley, then he knew it was not good or new, if the other evidence as to its quality and condition was entitled to reliance. The court also decided not to permit the defendant by whose act the purchase was afterwards made to testify that the conversation between Cornell and Tilden was communicated to him, and that he acted upon the statements in making the purchase. This offer was entirely proper, for the evidence, if it had been received, would have tended to show that the defendant's conduct was influenced by the representations. That is always a matter of fact, to be proved in support of claims like the one which the defendants made; and it may be established by direct as well as indirect evidence, or both, when that may be within the power of the party.

The evidence as to fraud was not of a very decided character, but it was sufficiently so for the consideration of the jury; and the defendants were not prevented from submitting it to them because it was deemed to'be in any respect defective, but simply for the reason that they should elect between the two different defenses which their proof had a tendency to establish. The ruling upon this subject, as well as those relating to the proofs offered by the defendants to establish the defense of fraud, cannot be sustained; and for the reasons already given, the judgment and the order denying a new trial should be reversed, and a new trial directed, with costs to abide the event.